[No. 1342.]

### THE COUNTY OF ESMERALDA, Respondent, v. THE STATE OF NEVADA, Appellant.

CLAIMS AGAINST COUNTIES — PRESENTATION — REIMBURSEMENT BY STATE.—The legislature appropriated money with which to reimburse the counties for the expenses of a special election on constitutional amendments. A portion of respondent's claims for such expenses were disallowed by the state board of examiners and suit was brought to recover the amount. The claims against the county were never submitted to the auditor and were never paid by the county. *Held*, that since the county had never paid the claims nor allowed them so as to make a legal charge of them it could not recover them from the state.

APPEAL from the District Court of the State of Nevada, Ormsby county.

*Richard Rising*, District Judge.

The facts are stated in the opinion.

*Trenmor Coffin* and *J. D. Torreyson*, Attorney-General, for Appellant.

I. The county commissioners erroneously certified claims

for mileage to the full amount named in the various statutes, both going and coming. The board of examiners allowed for going only, which was clearly correct.

II. Respondent is not the real party in interest in this case and has no standing in court. She has not paid any of the claims rejected by the board of examiners. She has not guaranteed their payment to the claimants. She is in no way liable for their payment.

III. The act of January 19, 1889, under which the expenses were incurred, is in contravention of section 6, article II, of the constitution, in this that it does not provide for the proper registration of electors, and the expenses incurred under the act cannot be a proper charge against either the state or the county.

*P. M. Bowler, Jr.,* District Attorney of Esmeralda county, for Respondent.

I. The general election laws were made applicable to the holding of the special election. (*Bragg* v. *State,* 20 Nev. 443; Stats. of 1889, p. 17, Sec. 12.) If the legislative intent was to limit the mileage in going only, as did the board of examiners, why were the words "and returning" added? It was clearly to provide the payment of mileage both ways.

II. Esmeralda county has the right to maintain this action. The individuals who performed the services have no such right, because nowhere in the law can be found a fund appropriated for the payment to individuals, while the appropriations are made for the purpose of paying the various counties.

III. The act of January 19, 1889, was decided constitutional by this court in *State ex rel. Boyle* v. *Board of Examiners,* in opinion filed August 1, 1890.

By the Court, Belknap, C. J.:

The legislature appropriated the sum of nineteen thousand six hundred and eight-seven dollars and fifteen cents " for the purpose of paying the expenses of the various counties " in holding the special election of February 11, 1889, at which certain proposed amendments to the constitution of the state were submitted. (Stat. 1889, pp. 21, 94.) The counties were primarily liable for these expenses, but the legislature, for the purpose of reimbursing them, appropriated, in the first instance,

the sum of fifteen thousand dollars. This appropriation was made before the election was held. After the election it was found that the sum of fifteen thousand dollars was insufficient, and the further sum of four thousand six hundred and eighty-seven dollars and fifteen cents was appropriated. From the fund created by these appropriations the plaintiff was allowed by the board of examiners and received the sum of one thousand three hundred and fifty-one dollars and fifteen cents, and has brought this action to recover the further sum of five hundred and ninety-two dollars and forty cents, which amount was disallowed by the board.

We deem it unnecessary to consider whether the several claims constituting the demand were allowed for the amounts fixed by the statutes regulating compensation for public services. The record affirmatively shows that the claims were not submitted to the auditor of the county for allowance. The failure to so submit them is by the terms of the statutes relating to the allowance of claims against counties an insuperable obstacle to recovery in this action. These statutes provide that no demand against a county requiring action by the board of county commissioners shall be paid until submitted to the county auditor (sections 1950, 1951, Gen. Stat.), and that no suit may be maintained against a county upon a claim unless such claim shall have been presented to the board of county commissioners and county auditor for allowance (section 1964). Thus it appears that the steps required by the statutes to be taken in the allowance of claims were not pursued. The claims were not submitted to the auditor and were not, therefore, liquidated claims. Not having been so submitted, their payment by the county was by the express terms of the statute forbidden, and no suit against the county could be maintained upon them. Upon these facts the county was not liable for their payment, and, it may be added, has not paid them. The statute under which the claims are sought to be made a charge against the state was, as before said, adopted for the purpose of reimbursing the counties their expenses at the special election. But since the county has neither paid these claims, nor allowed them so as to make them a legal charge against it, it is clear that no expense has been incurred by the county concerning them, and it cannot, therefore, recover.

Judgment reversed and cause remanded.